### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

ROKIT WORLD, INC,

                Plaintiff,

v.                                     Case No.: 3:24-cv-879-WWB-PDB

ROCKET BALL, LTD, ROCCO MAGNI
and SUSMAN GODFREY LLP,

                Defendants.

_____/

### <u>ORDER</u>

THIS CAUSE is before the Court upon *sua sponte* review.  "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."  *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985).  Where there is doubt as to subject-matter jurisdiction, a court may require the party alleging jurisdiction to submit evidence in support thereof.  *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).  Plaintiffs allege that subject-matter jurisdiction exists under 28 U.S.C. § 1332. (Doc. 1, ¶ 1).[1]

As alleged in the Complaint, Plaintiff ROKiT World, Inc. is a Delaware corporation that does "substantial business" and "has a physical location in Jacksonville, Florida." (Doc. 1, ¶ 3).  "For purposes of determining whether diversity jurisdiction exists, a

---

[1] Although Plaintiffs also cited 28 U.S.C. § 1331, there are no federal claims alleged in the Complaint and the box for federal question jurisdiction was not selected on Plaintiffs' Civil Cover Sheet (Doc. 1-1).  Accordingly, it appears that Plaintiffs are only invoking diversity jurisdiction.

corporation is a citizen of the State in which it is incorporated and the State in which it has its principal place of business." *Simon Holdings PLC Grp. of Cos. U.K. v. Klenz*, 878 F. Supp. 210, 211 (M.D. Fla. 1995) (citing 28 U.S.C. § 1332(c)(1)).  Plaintiffs fail to allege ROKiT World, Inc.'s principal place of business.  Similarly, Plaintiffs allege that Defendant Rocket Ball, LTD is incorporated in Texas, but fail to allege its principal place of business. (Doc. 1, ¶ 5).  Therefore, Plaintiffs have also not sufficiently alleged ROKiT World, Inc. and Rocket Ball, LTD's citizenship.

Next, Plaintiff alleges that Defendant Susman Godfrey, LLP is a Texas limited liability partnership.  (*Id.* ¶ 7).  However, citizenship of a limited liability partnership is determined by the citizenship of each partner, as opposed to the state of formation or its principal place of business.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004).  Consequently, Plaintiffs have also not properly alleged the citizenship of Susman Godfrey, LLP.

Accordingly, it is **ORDERED** that Plaintiffs shall **SHOW CAUSE** on or before **September 9, 2024**, as to why the Complaint should not be dismissed for want of subject-matter jurisdiction.  Failure to do so may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida on August 27, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record