IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ROKIT WORLD, INC, ET AL | }<br>} |
| Plaintiffs | }<br>} |
| v. | } Case Number: 3:24-cv-00879-WGY-PDB<br>} |
| ROCKET BALL, LTD et al | }<br>} |
| Defendants. | }<br>} |

## PLAINTIFFS' RESPONSE IN OPPOSITION DEFENDANTS' MOTION FOR SANCTIONS

Plaintiffs ROKiT World, Inc. and Jonathan Kendrick ("Plaintiffs") submit the following in response to Defendant Rocket Ball, LTD's ("Defendant") Motion for Sanctions in the Form of Attorneys' Fees. In this case, Plaintiffs have simply exercised their rights afforded under the Federal Rules of Civil Procedure and, contrary to Defendant's assertions, has done nothing remotely constituting "abusive litigation practice" that would warrant sanctions as shown herein.

Defendant seeks sanctions under the Court's "inherent authority," which in and of itself evidences the fact that they have no bona fide authority to seek sanctions. An "inherent authority" sanction requires a finding that Plaintiffs have acted in bad faith. "The Eleventh Circuit has emphasized that "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Tarasewicz v. Royal Caribbean Cruises, Ltd.*, 2016 U.S. Dist. LEXIS 186121, at *10 (S.D. Fla. Mar. 17,

1

2016). The burden to demonstrate a party has acted in "bad faith" is high. "Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, . . . or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Id*. As shown herein, Defendant has failed to demonstrate that Plaintiffs have acted with the requisite "bad faith" to warrant sanctions.

*First*, Federal Rule of Civil Procedure 41(a)(1)(A)(i) states that "… the plaintiff may dismiss an action without a court order by filing…a notice of dismissal before the opposing party serves either and answer or a motion for summary judgment." Here, it is indisputable that Defendant has filed neither an answer nor a motion for summary judgment, as this case was still in the preliminary motion to dismiss stage. Thus, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs were entitled to voluntary dismiss this action at this time.

*Second*, when the Court looks beyond the "window dressing" that Defendant has inserted into its motion to create the false impression that Plaintiffs have engaged in "a multi-year harassment campaign… against the Rockets and their related entities," it becomes clear that Plaintiffs have not done anything remotely sanctionable. Defendant raises five (5) occasions where the Plaintiffs have allegedly asserted the "same claims," but upon closer review, Defendant's argument begins to crumble and fails.

The first alleged instance was during arbitration, where Defendant admits that ROKiT Marketing withdrew its counterclaim and therefore was never adjudicated. The second and third alleged instance was a lawsuit filed by ROKiT Drinks LLC, ROK Imports Inc., and ROK Stars Limited against Landry's Inc.—not even a party to this litigation—and the subsequent appeal to the U.S. Court of Appeals for the Fifth Circuit. None of these matters should have any bearing on this instant litigation involving Defendant.

The fourth instance was this instant matter, which, as set forth above, Plaintiffs properly dismissed under Federal Rule of Civil Procedure 41(a)(1)(A)(i). The reason for this dismissal was that it was determined that Able Events was the primary plaintiff to pursue this matter against Defendant. At the time that this action was initiated in 2024, Able Events was in bankruptcy and therefore could not pursue its claims in the normal course. Able Events was not dismissed from bankruptcy until May 13, 2025 and the case was not officially terminated until June 13, 2025. Able could not have been a Plaintiff until the bankruptcy had concluded, as matters were stayed during that time. The conclusion of Able's bankruptcy led to the "fifth" instance asserted by Defendant—in actuality the first brought by Able Events—styled *Able Events et al. v. Rocket Ball Ltd. et al.*, Case No. 3:25-cv-01041-WWB-LLL (M.D. Fla. Sept. 5, 2025). Having filed the *Able Events* case, it was then decided by the Plaintiffs that this matter could be dismissed.

*Third*, there was no intentional delay by Plaintiffs in dismissing this matter, as this case was stayed for a period of time due to prior counsel's ongoing matter

3

with The Florida Bar. Thus, the undersigned counsel was retained and entered an appearance on January 6, 2026. This matter was dismissed a very reasonable seventeen days later on January 23, 2026 after the undersigned counsel had an opportunity to discuss this case with the Plaintiffs.

ACCORDINGLY, because Defendant has not and cannot show that Plaintiffs have acted in "bad faith" by simply voluntarily dismissing this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Defendant's Motion for Sanctions must be denied in its entirety.

Dated: February 19, 2026    Respectfully Submitted,

By:/s/ Frederick Sujat
Frederick Sujat, Esq.
Fla. Bar # 27081
5675 Brookfield Cir E
Fort Lauderdale, FL, 33312
fsujat@yahoo.com
Tel: 954-815-5221

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Frederick Sujat, hereby certify that on this day, February 19, 2026, the foregoing document is being served this day on all counsel of record through the Court's eservice procedures.

/s/ *Frederick Sujat*