**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROKIT WORLD, INC and JONATHAN KENDRICK,

Plaintiffs,

v. Case No.: 3:24-cv-879-WWB-PDB

ROCKET BALL, LTD, ROCCO MAGNI and SUSMAN GODFREY LLP,

Defendants.
_________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant Rocket Ball, LTD's Motion for Sanctions in the Form of Attorneys' Fees (Doc. 69)[1] and Plaintiffs' Response in Opposition (Doc. 78). For the reasons set forth below, Defendant's Motion will be denied.

## I. BACKGROUND

Plaintiff Jonathan Kendrick is the owner of Plaintiff Rokit World, Inc. ("**RW**") and its various subsidiaries. (Doc. 8, ¶¶ 3, 10–11). In 2018, Defendant Rocket Ball, LTD ("**Houston Rockets**" or "**Rockets**") sought to enter an agreement with two RW companies—Able Events and ROKiT Drinks LLC—in which Able Events would pay to be a jersey sponsor for the Houston Rockets and the owner of the Rockets would enter an agreement to promote ROKiT Drinks LLC's beverage line in his other business, Landry's. (*Id.* ¶¶ 10–15). In anticipation of the beverage deal also being completed, on October 9,

[1] To the extent Defendant requests oral argument on its Motion, (*see* Doc. 70), the Court finds that it can resolve the Motion on the papers and Defendant's request will be denied.

2018, Able Events entered into a sponsorship agreement with the Houston Rocks for the 2018-2019 season. (*Id.* ¶¶ 20–21). Plaintiffs allege that it subsequently became clear that Landry's did not intend to promote ROKiT Drinks LLC's beverage line as anticipated and had used the purported agreement to induce Able Events into the sponsorship agreement. (*Id.* ¶¶ 27–29). After the relationship between Plaintiffs and the Rockets soured, Plaintiffs allege that Defendants Rocco Magni and Susman Godfrey LLP began threatening Kendrick, placing Kendrick in reasonable fear based on his suspicion that the owner of the Rockets has ties to the mafia. (*Id.* ¶¶ 36–37).

As a result of the foregoing, Plaintiffs filed this lawsuit against Defendants alleging claims for fraud, assault, intentional infliction of emotional distress, and violations of the Racketeer Influenced and Corrupt Organizations Act ("**RICO**"), 18 U.S.C. § 1961 *et seq.* (*See generally id.*). Defendants moved to dismiss Plaintiffs' claims, (Doc. Nos. 15, 16), and to stay discovery pending resolution of the motions, (Doc. Nos. 21, 23). After briefing of the motions was completed, but before an order was issued, Plaintiffs voluntarily dismissed the case without prejudice. (Doc. 68 at 1). Three days later the Rockets filed its request for sanctions, seeking attorneys' fees in defending this litigation. (*See generally* Doc. 69).

## II. LEGAL STANDARD

A federal court has the inherent authority to sanction a party or attorney where the court finds that the party or attorney acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Spolter v. Suntrust Bank*, 403 F. App'x 387, 390 (11th Cir. 2010). "The inherent power must be exercised with restraint and discretion. This power is not a remedy for protracted

litigation; it is for rectifying disobedience, regardless of whether such disobedience interfered with the conduct of the trial." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quotation omitted). "[T]he inherent-powers standard is a subjective bad-faith standard." *Purchasing Power, LLC*, 851 F.3d at 1223.

## III. DISCUSSION

The Houston Rockets seek sanctions in the form of attorneys' fees against Plaintiffs pursuant to the Court's inherent authority. Specifically, the Rockets argue that Plaintiffs have refiled nearly identical claims on five different occasions in various courts and venues over the last five years in an attempt to harass the Rockets and its related entities and that the claims are frivolous.

The relevant litigation history is largely undisputed by the parties. First, in March 2020, the Rockets started arbitration proceedings against an entity related to RW—ROKiT Marketing, Inc. ("**Marketing**")—for failure to pay the sponsorship money due for the 2019-2020 NBA Season. Marketing asserted counterclaims related to the purported beverage agreement but withdrew the claims prior to the final hearing.

In May 2022, ROKiT Drinks LLC and its related entities filed suit in the Southern District of Texas against Landry's Inc. and Fertitta Entertainment Inc. alleging breach of contract and other claims related to the alleged beverage agreement. The claims were first dismissed without prejudice and then, after amendment, the court dismissed the

claims with prejudice. The dismissal was subsequently affirmed by the Fifth Circuit Court of Appeals on different grounds.

While the litigation in Texas was on appeal, Plaintiffs filed this lawsuit. After the motions to dismiss were filed and briefed in this case, Kendrick and Able Events filed a second lawsuit in Duval County court, which was subsequently removed to this Court. That litigation remains pending with outstanding motions to dismiss. The factual allegations and claims in the second pending case substantially overlap the claims in this litigation.

While the cases before this Court were pending, Plaintiffs' initial counsel was suspended from practice by the Florida Bar. *See* Florida Bar Discipline Case #202000515, *available at* https://www.floridabar.org/public/acap/disc-docs/?icn=202000515&member=246220 (last visited Aug. 6, 2026). As a result, this case was stayed pending the appearance of new counsel on behalf of Plaintiffs. (Doc. 64 at 1). New counsel appeared on January 6, 2026, and the case was voluntarily dismissed less than twenty-days later. (*See* Doc. Nos. 66, 68).

The Court does not find that the Rockets have established bad faith conduct sufficient to merit sanctions against Plaintiffs. As an initial matter, the Rocket's argument regarding the motivations and conduct of prior counsel in other cases fails to show any connection to the conduct or motivations of Plaintiffs in this and the related proceedings. "Sanctionable conduct by a party's counsel does not necessarily parlay into sanctionable conduct by a party." *Byrne v. Nezhat*, 261 F.3d 1075, 1123 (11th Cir. 2001). Absent some evidence that Plaintiffs have actively used this litigation to attempt to improperly extract a

settlement or other benefit from the Rockets, the Court does not find the argument persuasive.

Second, the Rocket's arguments overstate the multiplicity of litigation between the parties. The initial arbitration was filed by the Rockets, not Plaintiffs. Although Plaintiffs' related entity initially asserted a counterclaim, it withdrew it and decided to litigate that claim in court against other entities that were not named parties to the arbitration. There is nothing in the record that indicates that the decision to do so was improper or vexatious. Thereafter, entities related to RW filed their claims regarding the purported beverage agreement against the entities they claimed agreed to the terms thereof. They amended once, after being granted leave by the court to do so. Again, there is nothing presented in the record to suggest that the decision to do so was intended to harass. Ultimately unsuccessful in establishing an enforceable contract, Plaintiffs filed this case, attempting instead to argue that they would not have entered into the sponsorship agreement but for promises regarding a partnership with Landry's. The claims raised in this case, although related to the claims asserted in the Texas case, are not the same and seek relief related to the formation of the sponsorship agreement, not the purported beverage agreement. Importantly, here Plaintiffs are not arguing the formation of a beverage agreement, but that its formation was implied to induce them to act. Thus, again, there is no evidence that Plaintiffs filed this lawsuit to harass Defendants or for any other improper purpose or to simply attempt to relitigate claims already decided.

Finally, roughly one year after filing this case, RW's subsidiary filed a nearly identical case in state court that is now also pending before the undersigned. While this, at first glance, appears to needlessly multiple the litigation, Plaintiffs' counsel has

proffered a reason for the filing. The business entity named as plaintiff in the second filed suit was in bankruptcy proceedings when this case was filed. Although it would have perhaps been more prudent to have simply sought amendment in this proceeding, doing so would not have saved the Rockets any expenses aside from the cost of removal. The motions to dismiss in this case were fully briefed before the related entity exited bankruptcy. Thus, amendment would have mooted the motions, and the parties would have ultimately briefed the issues again, which is essentially what has occurred as a result of the second suit being filed. Again, the Rockets fail to offer any reasoning or case law supporting their contention that filing the second suit here was improperly vexatious or harassing. Nor is it clear that the second case was filed to avoid an unfavorable ruling. There is no indication that an unfavorable ruling was imminent in this case—aside from the Rocket's belief in the strength of its arguments—and, even if an unfavorable ruling was imminent, Plaintiffs have at best, slowed that ruling.

To the extent the Rocket's argue that the claims alleged in this case are frivolous, the Court declines to consider the Rocket's arguments in this case. Following the dismissal of the second lawsuit before this Court, the Rockets filed similar motions requesting sanctions in that lawsuit. Therefore, to avoid duplication of efforts, the Court will address the frivolity arguments in addressing the pending motions in that litigation. Suffice to say at this juncture, the Motion fails to set forth any evidence or argument that Plaintiffs knowingly or recklessly asserted frivolous claims in this case.

Therefore, having carefully considered the Rocket's Motion, the evidence submitted in support thereof, and the litigation history between these parties prior to the filing and briefing of the instant Motion, the Court finds that the Rockets have fallen short

of establishing bad faith conduct on the part of Plaintiffs and the Rocket's request for sanctions will be denied. *See Regions Bank v. Kaplan*, No. 17-15478, 2021 WL 4852268, at *8 (11th Cir. Oct. 19, 2021) (finding that the district court did not abuse its discretion in declining to impose inherent authority sanctions on a party that reasserted, verbatim, claims that had already been dismissed with prejudice).

## IV. CONCLUSION

Therefore, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant Rocket Ball, LTD's Motion for Sanctions in the Form of Attorneys' Fees (Doc. 69) is **DENIED**.
2. Defendant Rocket Ball, LTD's Request for Hearing (Doc. 70) is **DENIED**.
3. Pursuant to Plaintiffs' Notice of Voluntary Dismissal (Doc. 68) and Federal Rule of Civil Procedure 41(a)(1)(A)(i), the Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on August 7, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record